O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDO ROSA,<br><br>             Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | Case No. EDCV 16-2358-JGB (KK)<br><br>ORDER DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION |

## I.

## **INTRODUCTION**

Petitioner Osvaldo Rosa ("Petitioner") has filed a Petition for Extraordinary Relief[1] pursuant to Title 28 of the United States Code, section 1651 ("Section 1651"), and in the alternative, a Petition for Writ of Habeas Corpus by a Person in Federal Custody (collectively "Petition") pursuant to Title 28 of the United States Code, section 2241 ("Section 2241").  Petitioner challenges his 1998 federal conviction and sentence imposed in the Middle District of Florida.  As discussed

---

[1]     As Petitioner is seeking to vacate his conviction because "[t]he judgment in [his] case and matter was entered in violation of due process rights," the Court construes the Petition for Extraordinary Relief as a petition for a writ of coram nobis pursuant to Section 1651. ECF Docket ("Dkt.") No. 1, Pet. at 23; Telink, Inc. v. United States, 24 F.3d 42, 46 (9th Cir. 1994) ("The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction . . . .").

below, the Court dismisses the Petition without prejudice for lack of subject matter jurisdiction.

## II.
## BACKGROUND

On July 6, 1998, following a jury trial in the United States District Court for the Middle District of Florida, Petitioner was convicted of: (1) conspiracy to possess with intent to distribute heroin and cocaine hydrochloride; and (2) conspiracy to import heroin and cocaine hydrochloride in violation of Title 21 of the United States Code, sections 846 and 963. See USA v. Rosa, 6:98-cr-00069-ACC-GJK-1 (M.D. Fla., filed Mar. 23, 1998).[2] On October 20, 1998, Petitioner was sentenced to 500 months in prison and ten years of supervised release. See Rosa v. Calvin Johnson, 2:16-cv-05342-JGB-KK (C.D. Cal., filed July 5, 2016), Dkt. 1, Pet. at 2.

On November 2, 1998, Petitioner appealed his conviction to the Eleventh Circuit Court of Appeals. USA v. Rosa, 6:98-cr-00069-ACC-GJK-1, Dkt. 130, Notice of Appeal. On January 23, 2001, Petitioner's conviction was affirmed. Id. Dkt. 159, USCA Decision.

On November 20, 2001, Petitioner filed a motion to vacate his 1998 conviction and sentence pursuant to Title 28 of the United States Code, section 2255 ("Section 2255") in the Middle District of Florida. Id. Dkt. 160, Mot. On July 20, 2004, Petitioner's Section 2255 motion was denied. Id. Dkts. 186, 199, Orders.

---

[2] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

2

On March 12, 2013, Petitioner constructively filed[3] a second motion to vacate his 1998 conviction and sentence pursuant to Section 2255 in the Middle District of Florida.[4] See Rosa v. USA, 6:13-cv-00435-ACC-GJK (M.D. Fla., filed Mar. 18, 2013). Petitioner argued the prosecutor knowingly used "perjured testimony and false evidence" in his trial. Id. Dkt. 1, Mot. at 24. Petitioner attached a faxed letter dated September 1, 1999 addressed to "AUSA Bruce Hinshelwood" and signed by Eric Tirschwell. Id. Dkt. 1-1 at 10, Exs. On April 3, 2013, Petitioner's Section 2255 motion was denied. Id. Dkt. 3, Judgment.

On July 5, 2016, Petitioner constructively filed a petition ("First Petition") for Writ of Habeas Corpus in this Court, challenging the legality of his detention based on his 1998 conviction and sentence pursuant to Section 2255's "escape hatch." Rosa v. Calvin Johnson, 2:16-cv-05342-JGB-KK (C.D. Cal., filed July 5, 2016), Dkts. 1, 5, First Pet.

On August 30, 2016, Petitioner's First Petition was dismissed without prejudice for lack of subject matter jurisdiction. Id. Dkt. 6, 7, Order and Judgment. This Court held Petitioner did not qualify for Section 2255's "escape hatch" exception because: (1) Petitioner did not offer "any evidence that would lead the Court to conclude 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him'" (internal citation omitted); and (2) Petitioner failed to demonstrate he lacked an unobstructed procedural shot, the legal basis for his claims did not arise until after he had exhausted his direct appeal and Section 2255 Motion, or the law changed in any way relevant to Petitioner's claims after the Section 2255 Motion. Order at 5. Consequently, this Court, as the

---

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[4] Although Petitioner filed a Petition for a Writ of Audita Querela, the court construed it as a Section 2255 Motion. See Rosa v. USA, 6:13-cv-00435-ACC-GJK, Dkt. 2, Order.

custodial court, determined it was precluded from adjudicating Petitioner's challenge to the legality of his sentence. Id. at 3-5.

On November 14, 2016, Petitioner filed the instant Petition. Dkt. 1, Pet. In the Petition, Petitioner once again challenges the legality of his detention based on his 1998 conviction and sentence pursuant to Section 2255 "escape hatch." Petitioner bases his challenge on allegations of "gross governmental misconduct . . . which denied Petitioner a fair trial." Id. at 7, 16[5]. Petitioner claims actual innocence and denial of "an unobstructed procedural shot because the government never disclosed evidence of perjury, [and] withheld pertinent information regarding evidence of perjury." Id. at 16. To support his claims of perjury, Petitioner includes copies of emails with Hollie Sehring, Cynthia Rodriguez, and Natalie Torres, which he refers to as "newly discovered evidence." Id. at 8-9; Exs. A, C.

### III.
### DISCUSSION

**A. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PETITION FOR WRIT OF HABEAS CORPUS**

**(1) APPLICABLE LAW**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

---

[5] The Court refers to the pages of the Petition as if the Petition was consecutively paginated.

There is, however, an exception to this general rule that a Section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under Section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under Section 2255's escape hatch in the custodial court "when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of Section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). With respect to the second prong of Section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**(2)   ANALYSIS**

Here, Petitioner challenges the legality of his detention. Thus, Petitioner cannot proceed in this Court, the custodial court, unless Section 2255's "escape hatch" provision applies. Lorentsen, 223 F.3d at 953. However, applying the two prongs required of Section 2255's escape hatch, the Court finds the Petition does not qualify for the exception. Harrison, 519 F.3d at 959.

First, Petitioner has not offered sufficient evidence to lead the Court to conclude "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898. While Petitioner argues "there was no physical evidence connecting the petitioner to the conspiracy," and that, absent the perjured testimony, "the governments [sic] case was little more than fabrication," these assertions do not support a finding of factual innocence. See Bousley, 523 U.S. at 623 ("[A]ctual innocence means factual innocence, not mere legal insufficiency."). Even considering the emails Petitioner describes as "newly discovered evidence,"[6] and his claims that these emails provide "universal proof required to establish the solisited [sic] perjured testimony" and "proof of the acts of misconduct carried out by AUSA Bruce Hinshelwood," Petitioner does not provide evidence to demonstrate he is *actually innocent* of the crimes for which he was convicted. Pet. at 2, 9; Exs. A, C. Thus, Petitioner fails to satisfy the first prong of Section 2255's "escape hatch" requirements.

Second, Petitioner fails to establish that he did not have an unobstructed procedural shot at presenting his claims because: (1) the law has not changed in any way relevant to Petitioner's claims since he filed the Section 2255 Motions; and (2) the *legal* basis for his claim has been available, and was in fact raised, in Petitioner's 2013 Section 2255 Motion. Harrison, 519 F.3d at 960. In the instant Motion, Petitioner argues governmental misconduct involving the use of perjured testimony denied Petitioner a fair trial. Pet. at 7. This is the same legal claim Petitioner raised in his 2013 Section 2255 Motion. See Rosa v. USA, 6:13-cv-00435-ACC-GJK (M.D. Fla., filed Mar. 18, 2013), Dkt. 1, Mot. at 5, Dkt. 2, Order. While Petitioner

---

[6] The Court notes the emails Petitioner attaches in Exhibits A and C, which Petitioner describes as "newly discovered evidence", date back to May 2009 and May 2012. See Pet. at 2, 9; Exs. A, C. Based on the dates of these emails, it is appears the "newly discovered evidence" was available to Petitioner prior to the filing of his 2013 Section 2255 Motion.

may be procedurally precluded from raising this claim in an additional Section 2255 Motion, such a procedural bar is insufficient to satisfy the second prong of Section 2255's "escape hatch." See Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) ("[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

Petitioner thus fails to meet either requirement for Section 2255's "escape hatch." Harrison, 519 F.3d at 959. Because the escape hatch does not apply, the Court lacks jurisdiction. Hernandez, 204 F.3d at 864-65.

**B.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PETITION FOR WRIT OF CORAM NOBIS**

**(1)    APPLICABLE LAW**

The common law writ of coram nobis is available in criminal cases under the All Writs Act. 28 U.S.C. § 1651; Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). The All Writs Act provides that "all courts . . . may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, the All Writs Act is not itself a source of jurisdiction. Chavez v. Superior Court of California, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002) (citing Lights of Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 130 F.3d 1369, 1370 (9th Cir. 1997) (per curiam)). A writ of coram nobis, thus, can only issue "in aid of the jurisdiction of the court . . . in which the conviction was had." See Madigan v. Wells, 224 F.2d 577, 578 n.2 (9th Cir. 1955); see also Carter v. Attorney Gen. of U.S., 782 F.2d 138, 141 (10th Cir. 1986) (holding collateral attack on conviction, whether by writ of habeas corpus or writ of coram nobis, should be brought in court that rendered the conviction).

To warrant coram nobis relief, a petitioner must establish that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to

satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. Matus-Leva, 287 F.3d at 760 (citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). "Because these requirements are conjunctive, failure to meet any one of them is fatal." Id.

**(2)  ANALYSIS**

Here, as discussed above, Petitioner was convicted and sentenced in the Middle District of Florida. Thus, this Court, as the custodial court, does not have jurisdiction to order a writ of coram nobis.

Moreover, Petitioner is not entitled to a writ of coram nobis because Petitioner is in custody, and thus, has the "more usual remedy" of seeking relief under Section 2255. See Ramos v. Ives, No. 2:10-CV-0848 KJN-P, 2011 WL 1261076, at *3 (E.D. Cal. Apr. 4, 2011); see also Estate of McKinney By & Through McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995) ("The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is *no longer in custody*." (emphasis added)); United States v. Brown, 413 F.2d 878, 879 (9th Cir. 1969) ("Coram nobis is not available, since [petitioner] is still in custody."). The fact that Petitioner is precluded from seeking Section 2255 relief in this Court is insufficient to establish that "a more usual remedy is not available." See e.g., Matus-Leva, 287 F.3d at 761 (holding a petitioner in custody may not rely on coram nobis simply because he has failed to meet procedural requirements like AEDPA's timeliness rules). Accordingly, Petitioner is not entitled to a writ of coram nobis pursuant to Section 1651.

///
///
///
///
///
///

## IV.
## **ORDER**

IT IS THEREFORE ORDERED the Petition is DISMISSED without prejudice for lack of jurisdiction.

Dated: January 20, 2017

HONORABLE JESUS G. BERNAL
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge